IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| ROBERT EARL THOMAS, #157 347 | * |
| Plaintiff, | * |
| v. | *    2:02-CV-659-MEF |
| | (WO) |
| M.L. COPELAND, *et al*., | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter came before the court on March 20, 2008 for a status conference. Counsel for Defendants Cochran, Lightsey, and Copeland were present in the courtroom. Plaintiff failed to appear. For the reasons that follow, the court concludes that dismissal of this action is appropriate.

**I. DISCUSSION**

On March 28, 2007 the court imposed a stay in this matter due to the continuing unavailability of one of the named defendants to appear at an evidentiary hearing which the court directed be held in this matter by Order entered February 23, 2004.[1] On February 4, 2008 the undersigned entered an order which temporarily lifted the stay for purposes of directing the parties to engage in good faith discussions, either telephonically or in a face-to-

---

[1] Continued active duty status with the military has prevented Defendant Copeland's ability to be present for an evidentiary hearing.

face meeting, in an effort to reach an amicable resolution of the remaining issues before this court.[2] The order further directed the parties that after engaging in said discussions they were to notify the court whether they reached a resolution in this matter and/or notify the court if they believed the negotiation process would be aided through the use of the court's mediation services. (*See Doc. No. 212*.)

On February 25 and 26, 2008 counsel for defendants filed their notices to the court regarding their efforts at resolution of this matter. Counsel for Defendants Lightsey and Copeland states that on February 5, 2008 she sent a certified letter to Plaintiff requesting that he contact defense counsel for purposes of possible settlement discussions as per the court's February 4, 2008 directive. The letter was delivered and signed for by one Shirley Thomas on February 6, 2008. Nevertheless, Plaintiff failed to respond to counsel's request to explore the possibility of resolving this matter. Counsel for Defendant Cochran states that she adopts and incorporates the notice to the court regarding efforts at resolution as submitted by counsel for Defendants Lightsey and Copeland. (*Doc. No. 213, Exhs. A-D, Doc. No. 214*.)

At the March 20 status conference, counsel for Defendants Lightsey and Copeland informed the court that since the filing of her February 25, 2008 notice, Plaintiff contacted her by telephone regarding counsels' proposed desire to engage in possible mediation and or settlement discussions of this matter. During that conversation, counsel and Plaintiff agreed that Plaintiff would call counsel the following day to engage in mediation and/or

---

[2]The court entered the February 4 order upon learning that counsel for Defendants Lightsey and Copeland wished to engage in settlement negotiations and/or mediation with Plaintiff. According to counsel, Plaintiff failed to respond to her written communications regarding such proposal and she was also unsuccessful in her efforts to reach Plaintiff in person and/or by phone.

settlement discussions. Plaintiff, however, did not call counsel the next day as agreed nor has he made any further contact with counsel.

A review of the docket reflects no evidence that Plaintiff has not received the most recent orders entered by the court and, specifically, the order setting a scheduling conference in this case for March 20, 2008. Even if Plaintiff desires to continue with this case, his conduct, or lack thereof, in response to the recent orders of this court clearly reflects an unwillingness to actively prosecute this case and comply with court directives. Plaintiff provides no explanation for his failure to engage in discussions with counsel for defendants regarding possible resolution of this matter nor any explanation for his failure to appear at the scheduled status conference. Such actions constitute an intentional and conscious disregard of Plaintiff's responsibilities towards the continued prosecution of this matter. Further, the record is devoid of any justifiable or credible excuse for Plaintiff's failures to comply with the court's orders or attend scheduled hearings.

The court has reviewed the file in this matter and finds that dismissal of the case at this juncture is the proper sanction. Plaintiff has exhibited a lack of respect for this court and its authority as he has failed to comply with the directives contained in the court's orders within the time allowed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming dismissal of an action brought by plaintiff, proceeding *pro se* and *in forma pauperis*, for failure to comply with court order); *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993) (citing *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639 (1976)) (dismissal appropriate when a plaintiff's disregard of court orders is due to

"willfulness, bad faith, or fault."). A court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Rule 41(b), *Federal Rules of Civil Procedure*. See *Link v. Wabash R.R.,* 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995). Accordingly, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court.

## II. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that judgment be ENTERED in favor of Defendants and this case be DISMISSED with prejudice for Plaintiff's failures to prosecute this action and comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 2, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of March 2008.

/s/   Wallace Capel, Jr
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE