IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT EARL THOMAS, # 157347, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:02-CV-659-MEF |
| | ) | |
| M.L. COPELAND, *et al.*, | ) | (WO) |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER

This case is before the Court on a Motion for Relief from Judgment or Order (Doc. # 236) (the "first motion"), filed on April 7, 2009,[1] a second Motion that the Court has construed as a Motion for Relief from Judgment or Order (Doc. # 237) (the "second motion"), filed on April 26, 2009, and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. # 238).[2] The Court has carefully considered the issues raised by the Motions and the applicable law. For the reasons set forth below, both Motions are due

---

[1] Although the first motion was date-stamped "received" in this Court on April 9, 2009, and postmarked on April 8, 2009, it was signed by Plaintiff on April 7, 2009. Under the "mailbox rule," a *pro se* inmate's motion is deemed filed the date it is delivered to prison officials for mailing, here, no earlier than April 7, 2009, the date Plaintiff signed it. *See Houston v. Lack*, 487 U.S. 266 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir.1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

[2] The filing date of the second motion is also governed by the mailbox rule. *See Houston*, 487 U.S. 266; *Adams*, 173 F.3d at 1340-41; *Garvey*, 993 F.2d at 780. It appears that it was executed and mailed on April 26, 2009, and received by the Clerk on April 28, 2009. Therefore, under the mailbox rule, the second motion was filed on April 26, 2009.

to be DENIED and the Application to Proceed Without Prepaying Fees or Costs is due to be DENIED as moot.

Plaintiff initiated this case on June 6, 2002, and after a long and circuitous litigation, this Court entered a Final Judgment on April 4, 2008. The instant motions seek relief from that Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1)-(6) and (c). The first motion states eight grounds for relief:[3]

> (1) Plaintiff inadvertently and because of excusable neglect failed to prosecute this case because he was homeless, indigent, destitute, and without a reliable home address.
>
> (2) Plaintiff did not receive certain certified mail from Defendant until some time after it was signed for by Plaintiff's sister, who kept the mail in her possession.
>
> (3) Plaintiff "was misrepresented by counsel for Defendants . . . who portrayed Plaintiff's effort to engage in settlement and mediation discussions as ordered by the Court, as a fraudulent excuse to file for dismissal of Plaintiff's claims."
>
> (4) Plaintiff was not physically, mentally, or emotionally capable of prosecuting this action while the case was pending.
>
> (5) Plaintiff strongly feels that the Court should take into account the extent of his injuries, which resulted in seventeen stitches.
>
> (6) Plaintiff strongly feels that the Court should determine the amount of damages suffered by him.
>
> (7) Plaintiff strongly feels that he is entitled as a matter of law to relief from the Judgment because Defendants have not been punished or a remedy imposed to deter

---

[3]The second motion is a form complaint that seeks relief from a judgment or order of this court pursuant to Rule 60(b). The arguments in the second motion are the same arguments made in the first motion, so the Court will address them together, in the context of the first motion.

them from similar conduct in the future.

(8) Plaintiff strongly feels "as a matter of rights" he is entitled to relief and damages on the merits of the evidence.

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Rule 60(c)(1) sets strict time limitations for motions under Rule 60(b): "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." A court's discretion in granting relief under clauses (1), (2), and (3) is therefore tightly circumscribed.

Clause (6), on the other hand, "is a grand reservoir of equitable power to do justice in a particular case" *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992). The "grand reservoir" is, however, subject to the proposition that the finality of judgments is a sound principle that should not be lightly cast aside. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396,

401 (5th Cir. Jan. 26, 1981)[4] ("By its very nature, [Rule 60(b)(6)] seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"). The United States Supreme Court has held that "a party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in [clauses (1) through (5)]." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 836 n.11 (1988). Rather, "extraordinary circumstances" are required to bring a motion within the "other reason" language and to prevent clause (6) from being used to circumvent the one-year limitations period that applies to clauses (1) through (5). *Id.*

Finally, Rule 60(b) should not be used to challenge matters that could have been raised on direct appeal. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir.1999); *see also Rice v. Ford Motor Co.*, 88 F.3d 914, 919-20 (11th Cir.1996) (affirming denial of Rule 60(b)(6) motion where movant sought relief on the basis of a purported mistake of law that could have been raised on direct appeal); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir.1993) ("the well-recognized rule . . . precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal").

Plaintiff's eight grounds for relief from the Judgment can be divided into two categories. First, in grounds (5) through (8) Plaintiff points out his strong feelings about the

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

extent of his injuries, the amount of damages he suffered, the need for a remedy and deterrence of future malfeasance, and his entitlement to some compensation based on the evidence. Plaintiff's strong feelings about the case concern the merits of his claim, and questions regarding the merits of the underlying suit are properly dealt with on direct appeal and not through a Rule 60 motion. *See American Bankers*, 198 F.3d at 1338; *Rice*, 88 F.3d at 919-20; *Cavaliere*, 996 F.2d at 1115. These grounds are not the "extraordinary circumstances" envisioned by Rule 60(b)(6). *See Liljeberg*, 486 U.S. at 836 n.11. Therefore, grounds (5) though (8) cannot suffice to support Plaintiff's Motion for Relief from the Judgment.

Second, grounds (1) through (4) are Plaintiff's arguments pursuant to Rule 60(b)(1)-(3). Grounds (1), (2), and (4) argue that the Judgment was the result of various forms of excusable neglect and inadvertence under Rule 60(b)(1). Ground (3) seems to impugn the conduct of opposing counsel, which might be grounds for relief from a judgment under Rule 60(b)(3). However, as detailed above, Rule 60(c) requires challenges under clauses (1), (2), and (3) to be brought "no more than one year after the entry of the judgment." Here, this Court entered its Final Judgment on April 4, 2008, but Plaintiff did not file the Rule 60 motion until April 7, 2009, more than one year after the entry of the judgment. Hence, Plaintiff's arguments that he is entitled to relief from the Judgment pursuant to Rule 60(b)(1)-(3) are time barred and the Court cannot grant relief on those bases. *See* Fed. R. Civ. P.

5

60(c).[5]

For these reasons, it is hereby

ORDERED that the Motions (Doc. ## 236, 237) are DENIED.

It is further ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. # 238) is DENIED as moot.

Done this the 5th day of June, 2009.

                                              /s/ Mark E. Fuller
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[5]To the extent Plaintiff seeks to argue that these circumstances present "extraordinary circumstances" that entitle him to relief from the Judgment beyond the one-year time limitation, the Court finds that they do not present the sort of "extraordinary circumstances" that justify undermining the finality of judgments. *See Liljeberg*, 486 U.S. at 836 n.11; *Seven Elves*, 635 F.2d at 401. "[A] party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in [clauses (1) through (5)]." *Liljeberg*, 486 U.S. at 836 n.11.